## No. 479
## NAGEL v. SPECKMAN
Ohio Appeals, 5th Dist., Auglaize Co.
No. 67. Decided April 13, 1927

941. PARTNERSHIP—Partner as member of firm, not to charge for duties in absence of contract for compensation.

(Before Judges Crow, Hughes & Justices.)

**First Publication of this Opinion**

HUGHES, J.

The plaintiff brought his action to dissolve a partnership consisting of the defendant and himself, and for an accounting.

The business conducted by the parties was an undertaking establishment, claimed by the plaintiff to have been run and operated at Wapakoneta, while the defendant admitted the partnership and claimed that it extended over and covered the business operated at Wapakoneta and New Bremen. There is no opposition made by the defendant against the dissolution of the partnership, but he insists that the accounting should cover the business operated in both towns

: In the court below, there was a finding against the defendant on the question of the extent of the partnership, and an accounting rendered. It is here claimed that the court below was in error in both respects. The Court of Appeals held:

1. Of the various errors assigned, we find not sufficient merit in any to call for a discussion here, except the one based upon the weight of the evidence.

2. Upon the first issue, that is, whether or not the partnership extended over the businesses in both towns above mentioned, the court is not in full accord, Crow, J. being of opinion that the finding on this issue is against the weight of the evidence, while the majority of the court is of the opinion that under the principle pronounced in Dean v. King, 22 OS. 118, 134, the judgment cannot be disturbed upon this ground.

3. Upon the other issue, that is, upon the result of the accounting, the court is unanimous that it is not sustained by sufficient evidence to the full extent of the judgment, for the reason that in the judgment there is allowed to the plaintiff, for the services of the funeral cars, the sum of $990, and for other items such as gasoline, repairs, and so forth, pertaining to these cars, about $195. In other words the judgment of the court below, in an amount over $1590.65, we find is not sustained by sufficient evidence, and unless the plaintiff is willing to make a remittitur reducing his judgment to $1590.65 the judgment must be reversed as against the weight of the evidence. If such a remittitur is entered, the judgment is then affirmed.

4. We have carefully gone through the record and we find no evidence of a contract between the parties whereby the plaintiff was authorized to make charges for these services, and under the principle announced in the case of Cameron, Admr. v. Francisco, 26 OS. 190, "A partner, in the absence of an agreement for compensation, is not entitled to charge for services rendered in discharging his duties as a member of the firm." Nor, under this principle, do we believe he would be entitled to charge for the services of automobiles belonging to him, in the absence of a contract.

**Attorneys** — Dittmer & Timmermeister, Wapakoneta for. Nagel; J. D. Johnson and John R. Pierce, Fremont for Speckman.